Filed 11/21/14  Spicer v. Steward CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| MILBRY ATISHA CLEYO SPICER, as Co-Trustee, etc. et al., | |
| Petitioners and Respondents, | E057114 |
| v. | (Super.Ct.No.  VPRVS003101) |
| RANDOLPH W. STEWARD, | OPINION |
| Objector and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.   J. Michael Welch,

Judge.  Affirmed.

Randolph W. Steward, in pro. per., for Objector and Appellant.

No appearance for Petitioners and Respondents.

This is a probate action regarding the Milbry Cleyo Spicer Living Trust (the

Trust).  Appellant Randolph W. Steward, who represents himself in pro. per. in this

appeal, is one of the beneficiaries of the Trust.  He challenges an order of the probate

court entitled "Order After Trial Re: Co-Trustee[s'] Third Account and Report; and

Petitioner Randolph W. Steward's Petition For Orders" (Order).  In his briefing,

1

Mr. Steward has not asserted any claim of error with respect to the referenced petition for orders, which the probate court dismissed for failure to prosecute. He has not raised any meritorious arguments with respect to the remainder of the Order, which among other things approves the Third Report of Co-Trustees, Petition for Attorney's Fees and Compensation to Co-Trustees (Third Accounting). Mr. Steward in substance raises only a single contention, although it is stated several different ways: he believes that the two respondent successor cotrustees of the Trust lacked the authority to act on behalf of the Trust, including to file the Third Accounting, because a third successor cotrustee has resigned and not been replaced.[1] We disagree with Mr. Steward, and affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On June 27, 2004, Milbry Cleyo Spicer established the Trust in her name, designating herself as both grantor and trustee. Three individuals were named to serve successor cotrustees of the Trust in the event of her death or incapacity: Charles King, Milbry Atisha Cleyo Spicer, and Rebecca Annette Scott, also known as Rebecca Steward. Milbry Cleyo Spicer died on December 17, 2004, and the three named successor cotrustees assumed their roles on behalf of the Trust.

In June 2006, and again in March 2007, Mr. King and Ms. Spicer petitioned the probate court to remove Ms. Steward as successor cotrustee, on a variety of grounds. On January 30, 2009—following a series of continuations and a January 2009 stipulation of the parties to hold the matter of Ms. Steward's removal in abeyance—Ms. Steward

[1] This is a line of argument Mr. Steward has also raised in a related civil appeal (*King v. Steward*, Nos. E052121, E055805).

2

resigned as successor cotrustee, pursuant to a settlement agreement between the parties in the related civil action. (See fn. 1, *ante*.) Nobody was appointed to serve as a third successor cotrustee of the Trust in place of Ms. Steward.

Mr. King and Ms. Spicer, in their capacity as the remaining successor cotrustees of the Trust, filed the Third Accounting on July 14, 2010. Mr. Steward—who was then represented by counsel—filed objections on September 28, 2010, and the cotrustees responded. In March 2011, Mr. Steward filed a petition for orders.[2] After a series of continuances, the Third Accounting and Mr. Steward's objections thereto, as well as Mr. Steward's petition for orders, were set for hearing on May 1, 2012. The Third Accounting was heard first, with Mr. Steward (now representing himself) examining two witnesses—Mr. King and Ms. Spicer—while Mr. King and Ms. Spicer submitted on their papers. The hearing was continued on May 2, 2012, to hear any remaining evidence or argument Mr. Steward might wish to present with respect to the Third Accounting, and to hear his petition for orders. But Mr. Steward failed to appear for the second day of the hearing, calling in to the court clerk to claim a family emergency. The court found the purported family emergency to be a pretextual attempt to avoid having the matter proceed, Mr. Steward's request for a continuance having been denied the day before. The court deemed the matter of the Third Accounting submitted, based on the evidence and argument presented to that point, including the parties' verified papers, and granted

_____

[2] Mr. Steward's petition for orders does not appear in appellant's appendix, or anywhere else in our record. Nevertheless, we glean from the reporter's transcript that it apparently addressed at least some of the same issues as he raised in his objections to the Third Accounting.

3

the cotrustees' oral motion to dismiss Mr. Steward's petition for orders for failure to prosecute.[3]

The court's Order, ruling on the Third Accounting and Mr. Steward's petition for orders, was filed June 20, 2012.

## II. DISCUSSION

Mr. Steward purports to raise three issues on appeal: (1) whether the trial court erred in its interpretation of the Trust's provisions regarding appointment of a successor cotrustee; (2) whether the two remaining successor cotrustees acted in excess of their powers because they acted without the vote of a third successor cotrustee; and (3) whether the cotrustees "lack standing" to file the Third Accounting. Each of these purported issues, however, is a different facet of the same basic point, namely, Mr. Steward's contention that the Trust requires the unanimous vote of three successor cotrustees for any action, and following the resignation of one successor cotrustee, the remaining two are not empowered to take any action on behalf of the Trust, unless and until a new successor cotrustee is appointed. We disagree with Mr. Steward's interpretation.

"We exercise our independent judgment in construing the terms of the Trust. [Citation.] Our primary duty in construing the Trust is to give effect to [the trustor's] intent. We do this by looking at the language used, interpreting words in their ordinary

---

[3] The court noted that Mr. Steward had already examined the only two witnesses he had indicated an intention of calling to testify.

4

and grammatical sense, unless a different interpretation can be clearly ascertained. [Citation.]" (*Huscher v. Wells Fargo Bank* (2004) 121 Cal.App.4th 956, 972 (*Huscher*).)

The Trust designates "Milbry Cleyo Spicer" as both the grantor and the trustee. "Charles King, Milbry Atisha Cleyo Spicer . . . and Rebecca Annette Scott [also known as Rebecca Steward]" are designated to serve as "successor Co-Trustees" in the event of the death or incapacity of the trustee. As noted, these three individuals became successor cotrustees on December 17, 2004, when Milbry Cleyo Spicer died.

"Unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous action." (Prob. Code, § 15620.) The Trust does not provide otherwise, so this unanimity requirement generally applies to the powers of the Trust's successor cotrustees.

Nevertheless, neither any provision of the Trust, nor Probate Code section 15620, requires that once three successor cotrustees assume their duties, three votes are forever more required for any action on behalf of the Trust, as Mr. Steward would have it. After the resignation of Ms. Steward as a successor cotrustee, there remained two successor cotrustees of the Trust. Under the ordinary meaning of the words of the Trust and the Probate Code, actions taken with the agreement of those two remaining successor cotrustees constitutes "unanimous action."

Mr. Steward makes much of language from a subsection of the Trust instrument entitled "*Adult Beneficiary Rights*." This section provides that, if a successor cotrustee fails or ceases to serve as trustee, the adult beneficiaries of the Trust may, by "majority action in writing," appoint a successor cotrustee. It further provides that if "agreement of

5

a majority of the beneficiaries cannot be obtained within sixty (60) days, a successor Trustee shall be appointed by the court having general jurisdiction of the Trust." Mr. Steward reads the word "shall" to mean that a replacement successor cotrustee must be appointed by the court (or by majority action of the adult beneficiaries, during the 60-day window), prior to any further action being taken on behalf of the Trust by the remaining successor cotrustees.

In our view, Mr. Steward places far more weight on the word "shall" than it can bear. In context, the provision apparently means that if a "court having general jurisdiction of the Trust" is requested to appoint a replacement successor cotrustee, it shall do so.[4] In other words, the "Adult Beneficiary Rights" section of the Trust instrument provides that, after the 60-day period when the adult beneficiaries may, by majority action, appoint a replacement successor cotrustee, the appointment power devolves to the courts. There is no reason to conclude from this succession procedure that the remaining cotrustees lack power to act on behalf of the Trust, unless and until a new successor cotrustee is appointed.

Moreover, it is implausible that Mr. Steward's interpretation is consistent with the intent of the trustor. (See *Huscher*, *supra*, 121 Cal.App.4th at p. 972.) If the remaining two successor cotrustees were disabled from taking any action on behalf of the Trust, unless and until a new third successor cotrustee was appointed, there would necessarily

---

[4] Although Mr. Steward is one of the adult beneficiaries of the Trust, nothing in our record suggests he has ever petitioned the court to appoint a new successor cotrustee in place of Ms. Steward.

6

be an interregnum when nobody had authority to take action to protect Trust assets. This period could last for several months, while a majority of the adult beneficiaries tried to come to an agreement on a successor cotrustee, or even years, until the matter was decided by the courts. Because there is no explicit language in the Trust instrument compelling such a result, we decline to adopt an interpretation so unlikely to be consistent with the intent of the trustor.

In short, Mr. Steward's various arguments based on the purported lack of authority of the two remaining cotrustees of the Trust to act are without merit. In this appeal, he raises no other arguments.

## III. DISPOSITION

The order appealed from is affirmed. The parties shall each bear their own costs on appeal.[5]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

---

[5] Although respondents have prevailed on the merits in this appeal, they did so despite failing to file a respondents' brief. We decline, therefore, to award them costs. (California Rules of Court, rule 8.278(a)(5).)

7